USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/26/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: CHINA ORGANIC
SECURITIES LITIGATION

No. 11 Civ. 8623 (JMF)

This Document Relates To: All Actions

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

  Bracken Margolin Besunder LLP ("Bracken"), counsel to Defendant David Svoboda, moves to withdraw. As ordered, Bracken served Svoboda with a copy of this Court's November 28, 2012 Order advising Svoboda he had the opportunity to respond to Bracken's motion. (*See* Order, Docket No. 57; Aff. Service, Docket No. 61). Svoboda has not filed any opposition to Bracken's motion.

  Bracken moves to withdraw for two reasons. First, Bracken moves to withdraw on the ground of nonpayment. Svoboda's owes Bracken more than $16,500 (Margolin Decl. ¶ 2), "has been unable to make payment as scheduled," and told a Bracken partner that he is "without funds to pay . . . for continued representation" (*id.* ¶ 3; *see also id.* ¶ 5 (asserting that Svoboda is so impoverished that he cannot answer a judgment against him)). Second, Bracken claims it agreed to represent Svoboda when Svoboda was only being sued by his employer on matters of commercial law, which was a matter within Bracken's competence. (Bracken Decl. ¶¶ 3-4). Now that Svoboda is being sued under securities law as well, the lawyers at Bracken no longer feel competent to represent him. (Bracken Decl. ¶¶ 8, 11, 14).

  This District's Local Rules provide that counsel can withdraw only with Court approval and that the Court may grant withdrawal "only upon a showing . . . of satisfactory reasons for withdrawal or displacement and the posture of the case . . . and whether or not the attorney is

asserting a retaining or charging lien." S.D.N.Y. Local Civ. R. 1.4.[1]  "A client's refusal to pay attorney's fees may constitute 'good cause' to withdraw.  In most cases . . . , courts have permitted counsel to withdraw for lack of payment only where the client either 'deliberately disregarded' financial obligations or failed to cooperate with counsel."  *United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006) (citation omitted) (citing *McGuire v. Woods*, 735 F. Supp. 83, 84 (S.D.N.Y. 1990)).  In New York, when (1) a client is unable to pay attorney's fees, (2) has been clearly warned by his or her attorney that the attorney will withdraw, and (3) the attorney has taken steps to avoid prejudice, the client may be said to have deliberately disregarded his financial obligations.  *See Stair v. Calhoun*, 722 F. Supp. 2d 258, 266 (E.D.N.Y. 2010) (quoting N.Y. State Bar Ass'n Comm. on Prof'l Ethics, Op. No. 598, at *2 (Feb. 1, 1989)).

That is the situation here.  First, Svoboda has owed Bracken at least $16,500 for more than sixty days and is unable to make payment because he is without funds.  (Margolin Decl. ¶¶ 2, 5).  Second, Svoboda was warned several times that he needed to change representation.  One Bracken partner notified Svoboda that the firm was unable to continue the representation when Svoboda was unable to pay and the plaintiff and another defendant were unwilling to dismiss their charges against him.  (Margolin Decl. ¶ 5).  Another Bracken partner warned Svoboda that he needed new representation when Bracken realized that Svoboda needed representation to defend against securities charges and was told — falsely, it turned out — that Svoboda had retained new representation.  (Bracken Decl. ¶¶ 8-9).

Finally, Bracken has taken steps to avoid prejudice by filing a motion to dismiss and memoranda in support of that motion.  (*See* Bracken Decl. ¶ 10; *see also* Reply Mem., Docket No. 67).  Given that, and given that the case is in its early stages, Svoboda would not be prejudiced by withdrawal of his counsel.  Indeed, while the Court considers Svoboda's motion

---

[1] In this case, Bracken is not asserting a retaining or charging lien.  (Margolin Decl. ¶ 6).

and the motion to dismiss filed by Morgenstern, Svoboda & Baer, CPA's, P.C. (*see* Docket Nos. 39 & 42), discovery is automatically stayed under the Private Securities Litigation Reform Act of 1995.  *See* 15 U.S.C. § 78u-4(b)(3)(B) ("In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."); *cf. Brown v. Nat'l Survival Games, Inc.*, No. 91-CV-221, 1994 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994) (holding that granting a motion to withdraw when discovery "is not complete and the case is not presently scheduled for trial . . . will not likely cause undue delay"), *cited favorably in Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999).

For the foregoing reasons, Bracken's motion to withdraw is GRANTED.  The Clerk of Court is directed to terminate Docket No. 62.  Bracken shall serve a copy of this Memorandum Opinion and Order on Svoboda forthwith.  Svoboda shall have thirty (30) days to obtain to new counsel.  If Svoboda does not obtain new counsel and counsel does not enter a notice of appearance in that time, he shall be deemed to be proceeding *pro se*.

SO ORDERED.

Dated: February 26, 2013
       New York, New York

_____
JESSE M. FURMAN
United States District Judge